UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62988-CIV-MORENO/SELTZER

REBECCA GONZALEZ,

        Plaintiff,

vs.

AA VARCO MOVING & STORAGE,
INC., JOSEPH VARCO, and
CYNTHIA VARCO,

        Defendants.
                          /

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss or to Compel Arbitration (DE 9) and has been referred to the undersigned pursuant 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida (DE 5). For the reasons that follow, the undersigned RECOMMENDS that the Motion (DE 9) be GRANTED IN PART.

I.    PROCEDURAL HISTORY

On December 6, 2018, Plaintiff filed a Verified Complaint alleging violations of the Fair Labor Standards Act ("FLSA") (DE 1). Plaintiff alleges that Defendants failed to pay her overtime compensation as required by 29 U.S.C. § 207 and seeks an award of damages, including attorney's fees and costs (DE 1).

On January 31, 2019, Defendants Joseph Varco and Cynthia Varco[1] filed their Motion to Dismiss or to Compel Arbitration ("Motion) (DE 9) and on February 14, 2019, Plaintiffs responded ("Response") (DE 11) thereto.  No reply memorandum was filed and the matter is now ripe.

II.   MOTION

Defendants move this Court to compel arbitration pursuant the Federal Arbitration Act, 9 U.S.C. § 3, and the Florida Arbitration Code, Fla. Stat. § 682.03.  On March 7, 2018, Plantiff signed an Employment Agreement (DE 9-1) containing an arbitration clause.  The Agreement stated:

> **9. Settlement by Arbitration**.  Any claim or controversy that arises out of or relates to this agreement, or the breach thereof, will be settled by arbitration in the office nearest the Company, in accordance with the prevailing rules of the American Arbitration Association.  Judgment upon the award rendered may be entered in any court possessing jurisdiction of arbitration awards (DE 9-1).

Plaintiff opposes the Motion to Compel Arbitration on the ground that the arbitration clause does not include her claim for overtime wages under the FLSA.  She argues that the arbitration clause, by its terms, only applies to a "claim or controversy that arises out of or relates to [the] agreement" and that nothing in the Employment Agreement addresses claims or compensation under the FLSA.  Additionally, Plaintiff argues that even if the Court were to hold that the arbitration clause covers her FLSA claims, the arbitration clause

---

[1] Defendant AA Varco Moving & Storage, Inc. filed for bankruptcy on January 25, 2019 (DE 8) and, thus, the claims against that Defendant are stayed.  See 11 U.S.C. § 362.

cannot be applied to any of her FLSA claims for periods worked prior to the date of the Employment Agreement.

"Under both federal and Florida law, there are three factors for the court to consider in determining a party's right to arbitrate: (1) a written agreement exists between the parties containing an arbitration clause; (2) an arbitrable issue exists; and (3) the right to arbitration has not been waived." Sims v. Clarendon Nat'l Ins. Co., 336 F. Supp. 2d 1311, 1326 (S.D. Fla. 2004) (citations omitted). The Supreme Court has held that "a court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate that dispute. . . ." Granite Rock Co. v. Int'l Bhd. of Teamsters, 561 U.S. 287, 297 (2010).

The Federal Arbitration Act presumes that claims are arbitrable "unless it is clear that the arbitration clause has not included them." Paladino v. Avnet Computer Technologies, Inc., 134 F.3d 1054, 1057 (11th Cir. 1998) (citing First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 945 (1995)). The interpretation of an agreement to arbitration – "and whether it binds the parties to arbitrate" – is a question of law for the court. Multi-Financial Securities Corp. v. King, 386 F.3d 1364, 1366 (11th Cir. 2004). "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Id. at 1367.

"There is a 'federal policy favoring arbitration of labor disputes.'" Martinez v. Carnival Corp., 744 F.3d 1240, 1246 (11th Cir. 2014). "Presumption notwithstanding, 'the courts are not to twist the language of the contract to achieve a result which is favored by federal policy but contrary to the intent of the parties.'" King, 386 F.3d at 1366 (quoting Goldberg v. Bear, Stearns & Co., 912 F.2d 1418, 1419–20 (11th Cir.1990)). Thus, "the

parties will not be required to arbitrate when they have not agreed to do so." Goldberg, 912 F.2d at 1419.

The arbitration clause at issue in this case specifically applies to "[a]ny claim or controversy that arises out of or relates to" the Agreement. "In determining whether a dispute arises out of a contract, 'the focus is on whether the tort or breach in question was an immediate, foreseeable result of the performance of contractual duties.'" Martinez, 744 F.3d at 1246 (quoting Doe v. Princess Cruise Lines, Ltd., 657 F.3d 1204, 1218 (11th Cir. 2011)). Likewise, the term "'related to' marks a boundary by indicating some direct relationship." Id. Plaintiff argues that nothing in the Employment Agreement indicates that the parties intended to subject FLSA claims to arbitration. Defendants argue that Plaintiff's FLSA claims arise out of her employment and, thus, they are subject to the Employment Agreement's arbitration clause.

The Employment Agreement specifically identifies Plaintiff's status as an employee: "Employee has a fulltime position with the company at an annual salary of $37,960.00" (DE 9-1). Additional provisions identify Plaintiff's responsibilities, duties, job title, workspace location, reimbursement of her cell phone, conflicts of interest and outside employment, confidentiality of company information, and a covenant not to compete. The Employment Agreement does not specifically reference FLSA claims or any other statutory employment rights.

Several cases from this District have considered agreements containing similar language. Hamlett v. Owners Advantage, LLC, 2013 WL 4711165 (S.D. Fla. Aug. 30, 2014) (Marra, D.J.), involved an agreement that stated in relevant part that "[a]ny dispute or claim arising out of this agreement" was subject to arbitration. Even though the

agreement did not specifically mention FLSA claims, Judge Marra held that the plaintiff's FLSA claims were subject to arbitration: "There is no question that a dispute over whether Plaintiff is entitled to overtime compensation under the FLSA creates a claim that would arise out of the Agreement." Id. at *3. Similarly, in Smith v. Physicians United Plan, Inc., 2014 WL 12797219 (S.D. Fla. Dec. 19, 2014) (Scola, D.J.), although the arbitration agreement did not specifically mention FLSA claims, Judge Scola held that the plaintiff's FLSA claims were subject to arbitration: "In this case, the parties agreed to arbitrate 'all controversies or claims arising out of or relating to this Agreement . . . . Smith's claim for unpaid overtime wages . . . is related to the parties' employment agreement." Id. at * 2.

Likewise, the undersigned concludes that Plaintiff's FLSA claim for unpaid overtime wages arises out of or is related to the Employment Agreement and is, therefore, subject to compulsory arbitration. Plaintiff's rights under the FLSA only exist because of her status as an employee which, in turn, arises from the terms of the Employment Agreement. The FLSA claims, therefore, are subject to the arbitration clause in the Employment Agreement.

Plaintiff's reliance on Patricoff v. Home Team Pest Def., LLC, 2006 WL 890094, at *1 (M.D. Fla. Apr. 3, 2006), does not compel a different conclusion. Judge Scola succinctly explained the inapplicability of Patricoff in a case similar to the present case:

> In Patricoff, the parties agreed to arbitrate "work-related discrimination and harassment claims," "employment-related tort claims," and "post-termination compensation claims." The court reasoned that since an FLSA claim is not one for discrimination or harassment, is not a tort claim (it's a federal statutory claim), and is not a post-termination compensation claim, the parties' arbitration agreement did not cover FLSA claims. In other words, the court looked at the specific list of claims that the parties agreed to arbitrate, applied the doctrine of expressio unius est exclusio alterius ("the express mention of one thing excludes all others"), and concluded that since

5

> FLSA claims were not on the parties' list, the parties had not agreed to arbitrate FLSA claims.

Smith, 2014 WL 12797219, at *1.  By contrast, Judge Scola found that the arbitration clause in Smith, which covered "all controversies or claims arising out of or relating to this Agreement," stood in "distinct contrast to the limited list of claims at issue in Patricoff," and he held that the parties' agreement did encompass the plaintiff's FLSA claims.  Id.  So too, the arbitration clause at issue in the present case encompasses Plaintiff's FLSA claims.

Plaintiff argues that even if the Court were to determine that the arbitration clause governs her FLSA claims, she cannot be compelled to arbitrate claims for unpaid wages that accrued before the date the Employment Agreement was signed.  The undersigned agrees.  "Because arbitration is strictly a matter of contract, [the court] cannot compel arbitration for disputes which arose during time periods in which no effective contract requiring arbitration was governing the parties."  Klay v. All Defendants, 389 F.3d 1191, 1203 (11th Cir. 2004) (affirming district court's refusal to compel arbitration of claims arising outside the effective dates of the relevant agreements).

In Carter v. Doll House II, 608 Fed. Appx. 903 (11th Cir. 2015), the Eleventh Circuit affirmed the district court's decision that an arbitration agreement was enforceable, but not retroactive.  Utilizing "general principles of contract interpretation applicable to all arbitration agreements," the court held that the "district court correctly refused to apply the arbitration provision to any claims that arose before [the date the arbitration agreement was signed]."  Carter, 608 Fed. Appx. at 904 (citing Thomas v. Carnival Corp., 573 F.3d 1113, 1117 (11th Cir. 2009), abrogation recognized by Williams v. NCL (Bahamas) Ltd., 686 F.3d

6

1169 (11th Cir. 2012)).  The district court did, however, compel the plaintiff to arbitrate those FLSA claims that arose after the agreement was signed.

The arbitration agreement in this case applies to "[a]ny claim or controversy that arises out of or relates to this agreement. . . . [DE 9-1].  The Eleventh Circuit's opinion in Thomas involved a very similar agreement:  "[a]ny and all disputes arising out of or in connection with this Agreement, . . . shall be referred to, and finally resolved by arbitration." 573 F.3d at 1117.  The Thomas agreement was silent on retroactivity, and the court concluded that "if the parties had intended retroactivity, they would have explicitly said so." Id. at 1119.  Similarly, in this case, the arbitration agreement is silent as to retroactivity. Nothing in the Employment Agreement [DE 91] reflects an intent that its terms be applied retroactively.  Accordingly, the undersigned concludes that the arbitration clause of the Employment Agreement applies to all FLSA claims that accrued after March 7, 2018 (the date of the Agreement), but not to claims accruing prior to that date.  Accordingly, Plaintiff is entitled to pursue her FLSA claims that accrued prior to March 7, 2018 in this Court.  See Carter v. Doll House II, Inc., 69 F. Supp. 3d 1351, 1358 (N.D. Ga. 2014), aff'd in part, vacated in part, remanded, 608 F. App'x 903 (11th Cir. 2015) (ruling that only claims arising after the date of the arbitration agreement were subject to arbitration).

### III.  CONCLUSION

For the foregoing reasons, the undersigned concludes that the arbitration clause of the Employment Agreement governs only those FLSA claims that accrued after the signing of the Employment Agreement, March 7, 2018.  Accordingly, the undersigned RECOMMENDS that Defendants' Motion to Compel Arbitration or to Dismiss (DE 9) be GRANTED IN PART  as to Plaintiff's claims that accrued after March 7, 2018, and that the

parties be ordered to proceed to arbitration of those claims.  The undersigned further RECOMMENDS that in all other respects the Motion be DENIED and that this action proceed with respect to those FLSA claims that accrued prior to March 7, 2018.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE and SUBMITTED at Chambers, Fort Lauderdale, Florida, this 18th day of March 2019.

BARRY S. SELTZER
United States Magistrate Judge

Copies via CM/ECF to:

Hon. Federico A. Moreno
United States District Judge

All counsel of record